﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 190611-14804
DATE: July 31, 2020

REMANDED

Entitlement to service connection for tinnitus is remanded. 

Entitlement to service connection for an acquired psychiatric disorder is remanded. 

REASONS FOR REMAND

Although further delay is regrettable, the Board finds that additional development is necessary prior to adjudication of the issues on appeal. 

The Veteran had active duty service from June 2001 to August 2001.

This case is on appeal before the Board of Veterans’ Appeals (Board) from a May 2019 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington.

In June 2019, the Veteran elected to participate in VA’s modernized appeal system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). She chose to submit new evidence without a hearing by a Veterans Law Judge (VLJ). 

The Veteran seeks service connection for tinnitus and an acquired psychiatric disorder. She traces her tinnitus to her active duty service as well as her time in the Reserves, linking this impairment to the high level of noise exposure she experienced in the course of her duties as a diesel mechanic. The Veteran also claims that her alleged acquired psychiatric disorder is related to a sexual assault she experienced between January 2001 and March 2001, three to five months prior to the start of her period of active duty. See June 2019 statement; see also September 2019 statement. 

Service connection may be established for a disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Regulations provide that service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d). 

In order to prevail on the issue of service connection, generally, there must be (1) medical evidence of a current disability; (2) medical evidence, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) competent evidence of a nexus between an in-service injury or disease and the current disability. Hickson v. West, 12 Vet. App. 247, 253 (1999); Barr v. Nicholson, 21 Vet. App. 303 (2007); Pond v. West, 12 Vet. App. 341, 346 (1999).

Lay witnesses are competent to provide evidence regarding matters that can be perceived by the senses and, in some instances, offer an opinion as to the etiology of such conditions. See Jandreau v. Nicholson, 492 F.3d 1372 (2007); see also Barr, 21 Vet. App. 303 (lay testimony is competent to establish the presence of observable symptomatology). The Board recognizes that tinnitus is a common malady, the symptoms of which lay persons may easily identify. Therefore, the Veteran’s testimony alleging the existence of tinnitus is sufficient to establish that she currently experiences this impairment. 

Consistent with the holding of Jandreau, the Board notes that the Veteran is also competent to report behavioral abnormalities. Nonetheless, she is not competent to diagnose herself with an acquired psychiatric disorder or link it to a particular incident. The claims file contains recent VA mental health treatment records that do not reflect a formal psychiatric diagnosis, but do document the Veteran’s ongoing struggles with panic attacks and alcohol abuse associated with a sexual assault she experienced prior to her enlistment. As such, these records are sufficient to suggest that the Veteran could have had an acquired psychiatric disorder at the time she entered active service. 

Although some of the Veteran’s Reserve personnel records have been associated with the claims file, the complete records do not appear to have been associated with the file; indeed, the available records only reveal the dates of her assignments and transfers. An order dated in October 2002 shows that the Veteran was reassigned due to “unsatisfactory participation” but contains no further details. Moreover, the claims file contains no medical records dating from the Veteran’s brief period of active service or her service in the Reserves from 2001 to 2008. As this material would be crucial to determining whether the Veteran has tinnitus or a mental health condition linked to her active duty or Reserve service, the Board determines that a remand is warranted. 

These matters are REMANDED for the following actions:

1. Obtain the Veteran’s complete service treatment and personnel records, to include documents pertaining to her service in the Reserves from 2001 to 2008. Document all requests for information as well as all responses in the claims file. 

2. If the Veteran’s service treatment or personnel records reflect the existence of an auditory impairment or an acquired psychiatric disorder, schedule the Veteran for an examination by an appropriate clinician to assess the nature and etiology of these conditions. The examiner should opine whether either of these disabilities were caused or aggravated by events in service. 

3. After completing the above, and any additional development deemed necessary, readjudicate the appeals. 

(SIGNATURE ON NEXT PAGE) 

 

 

S.C. KREMBS

Veterans Law Judge

Board of Veterans’ Appeals

MJS, Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.